IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                No.     CV 16-0710 WJ/LAM
                                                                        CR 11-670 WJ

EDWIN VISMAR URENA-HERNANDEZ,

    Defendant/Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") *Motion to Vacate a Criminal Judgment and Sentence Pursuant to 28 U.S.C. § 2255 (***Johnson v. United States***)* [*Doc. 1*],[2] filed on June 25, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on September 29, 2016. [*Doc. 5*] Defendant did not file a reply and the time for doing so has passed. United States District Judge William P. Johnson referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the motion, response,

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0710 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-11-670 cited in this decision will be designated as "*Cr.Doc.*"

relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-11-670, the undersigned recommends, for the reasons set forth below, that Defendant's § 2255 motion [*Doc. 1*] and be **DENIED** and that this case be **DISMISSED with prejudice**.

## Factual and Procedural Background

On June 13, 2011, pursuant to a Plea Agreement [*Cr.Doc. 28*], Defendant pled guilty to an Information [*Cr.Doc. 25*], which charged him with: (1) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and (2) carrying, possessing, and brandishing a firearm "during and in relation to and in furtherance of a crime of violence . . . , namely armed bank robbery, as charged in Count 1," in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (*Cr.Doc. 25* at 2). On November 21, 2011, Defendant was sentenced to a term of 30 months as to Count 1 and 84 months as to Count 2, with the terms to run consecutively for a total term of 114 months. [*Cr.Doc. 42* at 2]. The Court also imposed a total term of 5 years of unsupervised release. *Id.* at 3.

## Discussion

In his § 2255 motion, Defendant contends that his seven-year sentence for carrying a firearm during a crime of violence, in violation of 18 U.S.C. 924(c), is unconstitutional because armed bank robbery no longer qualifies as a crime of violence following the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). [*Doc. 1* at 1]. Specifically, Defendant contends that his sentence was improperly enhanced by seven years under § 924(c)(1)(A)(ii) because armed bank robbery, §§ 18 U.S.C. § 2113(a) and (d), does not qualify as a crime of violence under either the force clause of § 924(c)(3)(A) or the residual clause of § 924(c)(3)(B). *See id.* at 1-2. Defendant contends that armed bank robbery is not a crime of violence under the

force clause because it does not require proof of the use or threatened use of violent, physical force.  *Id.* at 7.  Defendant relies on *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"), in which the Supreme Court held that the term "physical force" in the ACCA's force clause, § 924(e)(2)(B)(i), must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person."  *See id.*  In the alternative, Defendant contends that armed bank robbery cannot qualify as a crime of violence under the residual clause of § 924(c)(3)(B) because that clause is void for vagueness pursuant to the holding in *Johnson 2015*.  *See id.* at 9-10.  Therefore, Defendant asks the Court to vacate his conviction for carrying a firearm during a crime of violence and resentence him absent that conviction.  *See id.* at 10.

In response, the Government first contends that Defendant's conviction for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) satisfies the elements (or "force") clause of § 924(c)(3)(A).  *See* [*Doc. 5* at 5-8].  The Government argues that armed bank robbery is a violent felony under the force clause because it "requires the intentional assault and placing in jeopardy the life of another with a deadly weapon."  *Id.* at 7.  In the alternative, the Government contends that Defendant's enhanced sentence for armed bank robbery is still valid under § 924(c) because *Johnson 2015* did not invalidate the residual clause of § 924(c)(3)(B).  *See id.* at 8-10.  The Government contends that § 924(c)(3)(B) differs from the ACCA's residual clause in § 924(e)(2)(B)(ii) because § 924(c)(3)(B) does not contain "a list of enumerated crimes and an 'otherwise' provision that introduces a residual clause," and because § 924(c)(3)(B) requires that force be used "in the course of committing the offense."  *Id.* at 9 (citations and internal quotation marks omitted).  The Government also relies on several cases that have found that the

3

*Johnson 2015* decision does not apply to the residual clause of § 924(c)(3).  *See id.* at 10 (citing cases).

Under the ACCA, an individual who violates § 922(g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a serious drug offense," will receive a mandatory, minimum 15-year sentence.  18 U.S.C. § 924(e).  The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added).  The emphasized clause is referred to as the "residual clause," and in *Johnson 2015* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution.  *Johnson 2015*, 135 S.Ct. at 2557.

Defendant, however, did not receive an enhanced sentence under the ACCA.  Instead, Defendant's sentence was enhanced under § 924(c), which mandates an enhanced sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  § 924(c)(1)(A).  A "crime of violence" is defined in this subsection as:

> [A]n offense that is a felony and--

4

>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A)-(B). The issue of whether the holding of *Johnson 2015* applies to the residual clause of § 924(c)(3)(B) is unsettled. While the Supreme Court in *Johnson 2015* indicated that its ruling did not place the language of statutory provisions like the § 924(c)(3)(B) residual clause in constitutional doubt (*see* 135 S.Ct. at 2561), appellate courts have divided on the question of whether the *Johnson 2015* ruling applies to § 924(c) or similarly-worded provisions. *Cf., e.g., United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) (declining to apply the holding to *Johnson 2015* to § 924(c)(3)(B)); and *United States v. Vivas-Ceja*, 808 F.3d 719, 721-23 (7th Cir. 2015) (finding that language in 18 U.S.C. § 16(b), which is similar to § 924(c)(3)(B), is void for vagueness). The question of whether the *Johnson 2015* holding applies to the residual clause of § 924(c) is presently pending before the Tenth Circuit in *United States v. Hopper*, 10th Cir. No. 15-2190. However, the Court finds that it need not determine in this case whether *Johnson 2015* should apply to the residual clause of § 924(c)(3)(B) because, as set forth *infra*, the Court finds that Defendant's armed bank robbery conviction is a crime of violence under the force or elements clause, § 924(c)(3)(A).

To determine whether a conviction constitutes a crime of violence under the force or elements clause, courts will ordinarily apply what is called the categorical approach, which looks only at the elements of the statute under which the defendant was convicted and does not generally consider the particular facts that the record of conviction discloses. *See United States v. Perez-Jiminez*, 654 F.3d 1136, 1140 (10th Cir. 2011) and *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015). However, in cases where a particular offense contains

5

multiple elements listed in the alternative, a sentencing court may employ a modified categorical approach and examine a limited set of materials, including the terms of the charging document, to determine which alternative elements formed the basis of the defendant's conviction. *See Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). The modified categorical approach applies here to Defendant's bank robbery conviction under 18 U.S.C. § 2113(a), which provides as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

Under this statute, there are two alternative versions of the offense. The first alternative requires proof of forceful or violent taking of property from the bank, while the second alternative involves entry into a bank with intent to commit a felony or larceny therein which affects the bank. § 2113(a). Looking at the Information in Defendant's underlying criminal case [*Cr.Doc. 25*], Defendant was convicted of the first set of elements, *i.e.*, forceful taking of property, under § 2113(a), as well as § 2113(d), which states:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

The Tenth Circuit has held that armed bank robbery under §§ 2113(a) and (d) has four elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken by force and violence, or by intimidation; (3) the institution's deposits were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device.  *See United States v. Davis*, 437 F.3d 989, 993 (10th Cir. 2006).   The first three elements are for bank robbery under § 2113(a), and the fourth element is for *armed* bank robbery under § 2113(d).  Defendant contends that his armed bank robbery conviction is not a crime of violence under § 924(c)(3)(A) because it does not require proof of the use or threatened use of violent, physical force as it is defined in *Johnson 2010*.  [*Doc. 1* at 7].  Defendant contends that armed bank robbery under §§ 2113(a) and (d) "does not require the use of violent, physical force" because it "can be accomplished through intimidation as slight as a simple demand for money," and because this intimidation "does not necessarily entail the threatened use of violent physical force."  *Id.* at 8. Defendant, therefore, argues that "an effort to rob a bank through intimidation by threatening to poison the teller still does not amount to the use of violent physical force, despite the fact that the threat would be harmful to the teller," and contends that a defendant can be found guilty of armed bank robbery even though he uses an unloaded, inoperable firearm.  *Id.* at 8-9.

The Court finds that Defendant's contentions are without merit.  The Supreme Court in *Johnson 2010* held that the term "physical force" under the ACCA must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person."  559 U.S. at 140.   First, the Court notes that *Johnson 2010* addressed the definition of "physical force" under the ACCA, and Defendant provides no support

7

for his contention that this holding also applies to the definition of "physical force" under § 924(c)(3)(A). Nevertheless, the Court finds that a conviction for armed bank robbery under §§ 2113(a) and (d) meets *Johnson 2010*'s definition of "physical force" because armed bank robbery requires that, in committing or attempting to commit the offense, the defendant "*assault[ed]* any person, or *put[] in jeopardy the life* of any person, by the use of a dangerous weapon or device."  § 2113(d) (emphasis added).  The force clause of § 924(c)(3)(A) applies to crimes that have "as an element the use, *attempted use, or threatened use* of physical force against the person or property of another" (emphasis added), and the definition set forth in *Johnson 2010* includes "force *capable of* causing physical pain or injury to another person."  559 U.S. at 140 (emphasis added).  Since intimidation, even through the use of an unloaded and inoperable firearm, constitutes the threatened use of force that is capable of causing physical pain or injury, the Court rejects Defendant's contentions that armed bank robbery is not a crime of violence and, instead, finds that armed bank robbery satisfies the force clause of § 924(c)(3)(A).

In addition, the Court rejects Defendant's contention that armed bank robbery does not meet the force clause of § 924(c)(3)(A) because a defendant can be convicted of armed bank robbery even without a finding of intent.  *See* [*Doc. 1* at 9].  Defendant relies on the Supreme Court decision in *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004), in which the Supreme Court found that a conviction for driving under the influence of alcohol does not constitute a "crime of violence" under 18 U.S.C. § 16(a) because it does not require intentional conduct.  *See* 543 U.S. at 9-10.  Defendant contends that "[a] defendant may be convicted of armed bank robbery through intimidation even if he or she did not intent [sic] to intimidate anyone."  [*Doc. 1* at 9] (citing *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993)).  Defendant's contention is incorrect.  Bank robbery is a "general intent" crime and, thus, requires proof that the crime "was

8

done voluntarily and intentionally, and not because of mistake or accident." *United States v. Taylor*, 454 F.3d 1075, 1081 (10th Cir. 2006) (citation and internal quotation marks omitted); *see also Foppe*, 993 F.2d at 1451 (explaining that bank robbery in § 2113(a) "is a general intent crime"). Therefore, the holding of *Leocal* does not support Defendant's contention because the crime in *Leocal* did not require any finding of intent. *See* 543 U.S. at 6 and 9 (finding that offenses such as the DUI conviction at issue, "which either do not have a *mens rea* component or require only a showing of negligence in the operation of a vehicle," do not qualify as crimes of violence, and explaining that "[t]he key phrase in § 16(a) -- the 'use . . . of physical force against the person or property of another' -- most naturally suggests a higher degree of intent than negligent or merely accidental conduct"). Therefore, the Court finds that Defendant's contention that armed bank robbery does not meet the force clause of § 924(c)(3)(A) because a defendant can be convicted of armed bank robbery even without a finding of intent is without merit and should be rejected.

For the reasons stated above, the Court finds that Defendant's conviction for armed bank robbery under §§ 2113(a) and (d) constitutes a violent crime under § 924(c)(3)(A)'s force clause and without resort to § 924(c)(3)(B)'s residual clause. *See Lloyd v. United States*, No. CIV-16-513 JB/WPL (Document 8 at 11) (finding that armed bank robbery under §§ 2113(a) and (d) is a crime of violence under § 924(c)(3)(A)); *Hyatt v. United States*, No. CIV-16-758 LH/WPL (Document 4 at 8) (finding that bank robbery under § 2113(a) is a crime of violence under § 924(c)(3)(A)); and *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991) ("Armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'")

9

(quoting 18 U.S.C. § 924(c)(3)(A)).[3]  The Court, therefore, finds that Defendant is not entitled to relief, and recommends dismissing his § 2255 motion.

## Conclusion

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that Defendant's § 2255 motion [*Doc. 1*] be **DENIED** and that this case be **DISMISSED with prejudice**.

*(signature)*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] While *Adkins* was decided prior to the holding in *Johnson 2010*, for the reasons stated above the Court finds that the holding of *Johnson 2010* does not change the holding in *Adkins* that armed bank robbery is a crime of violence under § 924(c)(3)(A).