# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                                 No.     CV 16-0710 WJ/LAM
                                                        CR 11-0670 WJ

**EDWIN VISMAR URENA-HERNANDEZ,**

    **Defendant/Movant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 7)* [1] (hereinafter "PF&RD"), entered on March 6, 2017. On March 20, 2017, Defendant/Movant (hereinafter "Defendant") filed objections to the PF&RD. [*Doc. 8*]. The Government did not respond to Defendant's objections and the time for doing so has passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that the objections are without merit. Accordingly, the Court will: (1) overrule the Defendant's objections as meritless; (2) adopt the PF&RD; (3) deny Defendant's § 2255 motion [*Doc. 1*]; and (4) enter a final judgment dismissing this case with prejudice.

---

[1] Hereinafter, all documents from Case No. CIV-16-0710 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-11-0670 cited in this decision will be designated as "*Cr.Doc.*"

## Background

As explained in the PF&RD, on June 13, 2011, pursuant to a Plea Agreement [*Cr.Doc. 28*], Defendant pled guilty to an Information [*Cr.Doc. 25*] charging him with: (1) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and (2) carrying, possessing, and brandishing a firearm "during and in relation to and in furtherance of a crime of violence . . . , namely armed bank robbery, as charged in Count 1," in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* [*Doc. 7* at 2]. On November 21, 2011, Defendant was sentenced to a term of 30 months as to Count 1, and 84 months as to Count 2, with the terms to run consecutively, for a total term of 114 months. [*Cr.Doc. 42* at 2]. The Court also imposed a total term of 5 years of unsupervised release. *Id.* at 3. In his § 2255 motion, Defendant contends that his seven-year sentence for carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), is unconstitutional because armed bank robbery no longer qualifies as a crime of violence following the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). [*Doc. 1* at 1]. Specifically, Defendant contends that his sentence was improperly enhanced by seven years under § 924(c)(1)(A)(ii) because armed bank robbery, §§ 18 U.S.C. § 2113(a) and (d), does not qualify as a crime of violence under either the force clause of § 924(c)(3)(A) or the residual clause of § 924(c)(3)(B). *See id.* at 1-2. Defendant contends that armed bank robbery is not a crime of violence under the force clause because it does not require proof of the use or threatened use of violent, physical force as that is defined in *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"). *See id.* at 7. In the alternative, Defendant contends that armed bank robbery cannot qualify as a crime of violence under the residual clause of § 924(c)(3)(B) because that clause is void for vagueness pursuant to the holding in *Johnson 2015*. *See id.* at 9-10.

As further explained in the PF&RD (*see Doc. 7* at 4), in *Johnson 2015*, the Supreme Court held that the residual clause of the ACCA, is unconstitutionally vague (135 S. Ct. at 2557). However, the Magistrate Judge noted that Defendant's sentence was not enhanced under the ACCA, but, instead, was enhanced under § 924(c), which mandates an enhanced sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." [*Doc. 7* at 4] (quoting § 924(c)(1)(A)). A "crime of violence" is defined in this subsection as:

> [A]n offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A)-(B). The Magistrate Judge noted that "[t]he issue of whether the holding of *Johnson 2015* applies to the residual clause of § 924(c)(3)(B) is unsettled," that appellate courts have divided on this question, and that the issue is currently pending before the Tenth Circuit in *United States v. Hopper*, 10th Cir. No. 15-2190. [*Doc. 7* at 5]. Regardless, the Magistrate Judge found that the Court need not determine in this case whether *Johnson 2015* should apply to the residual clause of § 924(c)(3)(B) because Defendant's armed bank robbery conviction is a crime of violence under the force or elements clause, § 924(c)(3)(A). *See id.*

Applying the modified categorical approach set forth in *Mathis*, the Magistrate Judge determined that Defendant was convicted of the first set of elements under 18 U.S.C. § 2113(a), which provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any

3

> other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . .
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

*See id.* at 6. The Magistrate Judge further noted that Defendant was also convicted under § 2113(d), which states:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

*See id.* The Magistrate Judge rejected Defendant's contention that his conviction under §§ 2113(a) and (d) does not satisfy the definition of "physical force" as set forth in *Johnson 2010*, noting that *Johnson 2010* addressed the definition of "physical force" under the ACCA, and Defendant provided no support for his contention that this holding also applies to the definition of "physical force" under § 924(c)(3)(A). *See id*. at 7-8. Nevertheless, the Magistrate Judge found that Defendant's conviction for armed bank robbery under §§ 2113(a) and (d) meets *Johnson 2010*'s definition of "physical force" "because armed bank robbery requires that, in committing or attempting to commit the offense, the defendant '*assault[ed]* any person, or *put[] in jeopardy the life* of any person, by the use of a dangerous weapon or device.'" *Id.* at 8 (quoting § 2113(d), emphasis added). Because the force clause of § 924(c)(3)(A) applies to crimes that have "as an element the use, *attempted use, or threatened use* of physical force against the person or property of another" (emphasis added), and the definition set forth in *Johnson 2010* includes "force *capable of* causing physical pain or injury to another person" (559 U.S. at 140, emphasis added), the Magistrate Judge found that "intimidation, even through the use of an unloaded and inoperable firearm, constitutes the threatened use of force that is capable of causing physical pain

or injury" (*Doc. 7* at 8), and, therefore, found that armed bank robbery under §§ 2113(a) and (d) satisfies the force clause of § 924(c)(3)(A).

In addition, the Magistrate Judge rejected Defendant's contention that armed bank robbery does not meet the force clause of § 924(c)(3)(A) because a defendant can be convicted of armed bank robbery even without a finding of intent. *See id.* at 8-9. The Magistrate Judge explained that "[b]ank robbery is a 'general intent' crime and, thus, requires proof that the crime 'was done voluntarily and intentionally, and not because of mistake or accident.'" *Id.* at 8-9 (quoting *United States v. Taylor*, 454 F.3d 1075, 1081 (10th Cir. 2006), and citing *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993), which explains that bank robbery in § 2113(a) "is a general intent crime"). The Magistrate Judge, therefore, found that Defendant's reliance on *Leocal v. Ashcroft*, 543 U.S. 1 (2004) was unpersuasive because the crime in *Leocal* did not require any finding of intent. *See id.* at 9 (citing *Leocal*, 543 U.S. at 6 and 9, which found that offenses such as the DUI conviction at issue, "which either do not have a *mens rea* component or require only a showing of negligence in the operation of a vehicle," do not qualify as crimes of violence, and explaining that "[t]he key phrase in § 16(a) -- the 'use . . . of physical force against the person or property of another' -- most naturally suggests a higher degree of intent than negligent or merely accidental conduct"). Therefore, the Magistrate Judge concluded that Defendant's conviction for armed bank robbery under §§ 2113(a) and (d) constitutes a violent crime under § 924(c)(3)(A)'s force clause, and without resort to § 924(c)(3)(B)'s residual clause. *See id.* at 9-10 (citing *Lloyd v. United States*, No. CIV-16-513 JB/WPL (Document 8 at 11) (finding that armed bank robbery under §§ 2113(a) and (d) is a crime of violence under § 924(c)(3)(A)); *Hyatt v. United States*, No. CIV-16-758 LH/WPL (Document 4 at 8) (finding that bank robbery under § 2113(a) is a crime of violence under § 924(c)(3)(A)); and *United States v. Adkins*, 937 F.2d 947, 950 n.2

(4th Cir. 1991) ("Armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") (quoting 18 U.S.C. § 924(c)(3)(A)).

### **Defendant's Objections**

Defendant first contends that armed bank robbery is not a crime of violence under either the categorical or modified categorical approach. [*Doc. 8* at 2-3]. Defendant contends that "§ 2113(a) does not necessarily and inevitably involve the use of force," and that "because the offense can be committed by intimidation and because, as here, the threat of force does not always involve violence [sic] force, the offense cannot qualify as a crime of violence under 18 U.S.C. § 924[(c)(3)(A)]." *Id.* at 3. Defendant objects to the Magistrate Judge's finding that armed bank robbery meets the definition of physical force because Defendant contends that such a finding is "inconsistent with the limitations of the modified categorical approach." *Id.* at 5. Defendant also contends "that because bank robbery can be satisfied by intimidation, it simply does not meet the physical force requirements under the categorical approach." *Id.* Defendant states that "he did not hurt anyone when he robbed the bank and no actual force was ever used." *Id.* at 6.

The Court agrees with the Magistrate Judge that a conviction for armed bank robbery under §§ 2113(a) and (d) meets *Johnson 2010*'s definition of "physical force" because it requires that, in committing or attempting to commit the offense, the defendant "*assault[ed]* any person, or *put[] in jeopardy the life* of any person, by the use of a dangerous weapon or device." [*Doc. 7* at 8] (quoting § 2113(d), emphasis added). The Court further agrees that, because the force clause of § 924(c)(3)(A) applies to crimes that have "as an element the use, *attempted use, or threatened use* of physical force against the person or property of another" (emphasis added), and the definition set forth in *Johnson 2010* includes "force *capable of* causing physical pain or injury to another

person" (559 U.S. at 140, emphasis added), even intimidation constitutes the threatened use of force that is capable of causing physical pain or injury. In addition, the Court notes that Defendant's counsel states that his "duty of candor to the Court compels him to acknowledge that the weight of authority is against [Defendant] and that most courts which have considered the issue have held that *Johnson [2015]* did not abrogate extant precedent which held that armed bank robbery categorically satisfies the physical-force clause of 924[(c)(3)(A)]." [*Doc. 8* at 6, n.1] (citations omitted). The Court, therefore, finds that this objection is without merit and shall be overruled.

Next, Defendant objects on the grounds that the residual clause of § 924(c)(3)(B) is unconstitutionally vague pursuant to the holding of *Johnson 2015*. *See id.* at 7-8. The Court finds that this objection is without merit because the Court agrees with the Magistrate Judge that armed bank robbery under § 2113(a) and (d) constitutes a violent crime under the force clause (§ 924(c)(3)(A)) and without resort to the residual clause (§ 924(c)(3)(B)). *See* [*Doc. 7* at 9]. Therefore, the Court shall overrule this objection as well.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that:

1. Defendant's objections to the PF&RD [*Doc. 8*] are **OVERRULED**;

2. The *Proposed Findings and Recommended Disposition (Doc. 7)* are **ADOPTED**;

3. Defendant's § 2255 motion [*Doc. 1*] is **DENIED**; and

4. This case shall be **DISMISSED with prejudice**, and a final judgment will be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**